■ ZARAH WILLIAMSON, Respondent, v. DITMARS THEATRE, INC., Appellant. ZARAH WILLIAMSON, Respondent, v. ANTHONY QUAGLIERI, as Executor of GENEVIEVE B. MOSCATO, Deceased, et al., Appellants.— Order entered October 16, 1967, unanimously reversed, on the law, with $50 costs and disbursements to the appellant, and summary judgment denied. Order entered January 17, 1968, unanimously modified, on the law, to deny summary judgment to plaintiff, and otherwise affirmed, without costs or disbursements. These actions, consolidated for the purposes of trial, are brought by an attorney for legal services in related transactions. Both involve written retainers calling for specific payments for specific services. These payments were made. What

plaintiff is actually claiming is that these contracts were breached in that he was wrongfully discharged, thereby preventing him from performing further services. In this situation he claims the contracts are ineffective and he can recover the reasonable value of his services. Special Term ordered an assessment of the value of plaintiff's services and judgment for the amount found due "if any". Clearly this order contemplates a possible finding that the defense of payment may be established. If so, plaintiff would not be entitled to summary judgment. In addition, issues are presented as to plaintiff's performance under the terms of the retainer, and the proper interpretation of those terms, especially in light of the fact that plaintiff drew them. Furthermore, as we have pointed out before, where the proof on the assessment would involve the same evidence as the proof on the trial, no purpose is served by a resort to summary judgment. Concur — Stevens, J. P., Eager, Steuer, Tilzer and Macken, JJ.